Atkinson, executor, *vs.* McDonald.

1. Where, on a bill involving the estate of a decedent, one party holding a claim against it was named as a *cestui que trust* of another, but upon a reference of the case to an auditor, the usee appeared himself, and proved his claim, which was allowed, and a consent decree, to which the executors of the estate were parties, was rendered in his favor for the amount of his claim, and in their favor for certain sums, on which, or some of which, execution was sued out by them, and the money thereon collected and paid to them, they were estopped from denying that he was a party to the bill and had the right to collect his part of the decree so consented to, in the same manner as they collected theirs.   Therefore, an affidavit of illegality to an execution issued in his favor, on the ground that he was not a party, was bad.

2. Where, after the issuance of execution, the plaintiff therein obtained a rule against the executors, to show cause why they did not pay the money, and this was resisted, the executors asserting that they had not realized out of the land from which it was decreed that the complainant should be paid, and were unable to do so, if he caused his execution to be levied, the pendency of the rule was no ground for an affidavit of illegality.   The rule was ancillary to the execution, and might be used to collect the balance of the debt, in case the levy should not pay it all.

(a.) The executors, having obtained a decree by consent to distribute and settle the estate, are trustees for all who are interested in that decree, and it is their duty to help such beneficiaries to obtain their money, and not to delay them.

Judgment affirmed.

September 9, 1884.

JACKSON, Chief Justice.

[A *fi. fa.* in favor of Bedney F. McDonald against Kirkpatrick *et al.*, executors of Charles J. McDonald, deceased, was levied on certain land, and Atkinson, surviving executor, filed an affidavit of illegality on two grounds :

(1.) Because there was no judgment or decree on which the execution could issue.

(2.) Because the *fi. fa.* was in litigation in Cobb superior court, on a proceeding which involved its validity.

The case was submitted to the presiding judge without a jury by agreement.

The evidence showed, in brief, as follows : Kirkpatrick *et al.*, executors, filed a bill, alleging that there were certain complications in regard to the distribution of the estate of Charles J. McDonald, deceased, and praying direction as to it. The distributees were named, some of them being represented by trustees. Bedney F McDonald was one of these, and A. J. Hansell was alleged to be his trustee. The case was referred to an auditor, and an agreement was made that his report might be returned and a decree entered on it at the next term of court, if there were no legal objections. The report was returned and a decree entered. It found the amounts which had been paid to each distributee, and how the estate should be divided and the distributees equalized. Among other things, it found $1,372.29, commissions due Kirkpatrick, the acting executor ; also $659.00 due to B. F. McDonald individually for services rendered and money expended in the prosecution of the business of the estate, to be paid out of the residue of the estate in the hands of the executors for administration. *Fi. fas.* issued for the several amounts found due by the estate, and it appeared that various collections were made under them. The *fi. fa.* in favor of Kirkpatrick, executor, had various endorsements on it, showing receipts of money, and that it took money, and that it took money raised by levy under other *fi. fas.*, including

that of B. F. McDonald.   It also appears that money was distributed to other *fi. fas.*, apparently based on the same decree, and Atkinson, as trustee for some of the distributees of the estate, receiving some of it.

In 1877, B. F. McDonald sued out a rule, calling upon Kirkpatrick, as the acting executor, to show cause why he had not carried out the decree, and calling on him to show the court what he had done, and to pay into the court the money in his hands.   Kirkpatrick answered the rule, and, among other things, stated that it had been impossible to sell the lands of the estate or fully execute the decree. He also insisted that a decree for money should be enforced by execution.   The matters of account involved in this proceeding were referred to an auditor, who made a report, and exceptions were filed thereto and are still pending.   One of the exceptions to the report was that the decree did not authorize the issuing of executions, but only determined certain facts as to the existence of claims, and could not be used further than as evidence of such facts.

The case made by the affidavit of illegality was, by agreement, submitted to the presiding judge without a jury.   He overruled the illegality.   Defendant moved for a new trial, which was refused, and he excepted.]